**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**CORA E. PORTER**                                                                         **PLAINTIFF**

**V.**                                                                                  **NO. 2:12CV00031-SA-JMV**

**OFFICE OF DISABILITY ADJUDICATION**
**& REVIEW VIRTUAL SCREEN UNIT**                                                **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the court for *sua sponte* consideration of dismissal.

On February 17, 2012, Cora E. Porter filed the pro se complaint [1] and a motion to proceed *in forma pauperis* [2]. By Order [4] dated February 23, the court denied Porter's *in forma pauperis* motion without prejudice. Additionally, the court found that the complaint did not allege sufficient grounds for this court's jurisdiction and that Porter may not have exhausted her remedies before the Social Security Administration. Consequently, the court required Porter to file an amended complaint and submit a new *in forma pauperis* application within fourteen days. When Porter failed to timely file an amended complaint and submit a new *in forma pauperis* application, the court entered a Show Cause Order [5] that required Porter to show cause why this case should not be dismissed for her failure to prosecute and obey an order of the court. On April 12, Porter responded, stating she is disabled and complained that "[t]hose hearing my case have failed to consider what type of work I could do." Additionally, Porter attached an *in forma pauperis* application[1] along with voluminous records, including medical and financial records and other documents containing sensitive information.

By Order dated June 6, Porter was granted fourteen days to file an amended complaint and a new *in forma pauperis* application. On June 12, Porter filed a motion to proceed *in forma*

---

[1]Porter did not file this application as a separate document.

*pauperis* [8], and by Order [9] dated June 15, the court granted that motion. On June 25, however, Porter filed a motion [10] requesting additional time to file an amended complaint. By Order [11] dated June 26, the court granted Porter yet another fourteen day extension within which to file an amended complaint. When Porter failed to file an amended complaint within fourteen days of the court's June 26 Order, the court issued a Show Cause Order [12] on July 31. That Order granted Porter seven days to show cause why this case should not be dismissed for failure to prosecute and obey an order of the court. Additionally, it warned Porter that failure to timely respond would result in a report and recommendation for dismissal of this case. As of this date, Porter has neither responded to the Show Cause Order nor requested additional time to respond. Therefore, it is my recommendation that this case be dismissed with prejudice for the plaintiff's failure to prosecute and obey an order of the court.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 14th day of August, 2012.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE